Michael K. Friedland (SBN 157217)
michael.friedland@fciplaw.com
Joseph S. Cianfrani (SBN 196186)
joe.cianfrani@fciplaw.com
David G. Kim (SBN 307821)
david.kim@fciplaw.com
FRIEDLAND CIANFRANI LLP
2010 Main St., Ste. 1260
Irvine, CA 92614
(949) 734-4900

Attorneys for Plaintiff
LEVEL UP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LEVEL UP, LLC, a Wyoming limited liability company;<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RYAN RIEDER, an individual;<br>DC PRACTICE GROWTH., an entity of unknown organization,<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>1. Copyright Infringement (17 U.S.C. §§ 101, *et seq.*);<br>2. Breach of Contract;<br>3. Unfair Competition (Cal. Bus. & Prof. Code § 17200, et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Level Up, LLC ("Plaintiff") brings this Complaint against Ryan Rieder ("Rieder"), an individual, and DC Practice Growth ("DC"), an entity of unknown organization, for damages and injunctive relief based on copyright infringement (17 U.S.C. § 504), breach of contract under California law, and unfair competition under Cal. Bus. & Prof. Code 17200, *et seq*. Herein, Rieder and DC are sometimes jointly referred to as "Defendants."

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (copyright).

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the breach of contract and unfair competition claims, as those claims are sufficiently related to the copyright infringement claim and form part of the same case or controversy.

3. Defendants are subject to the personal jurisdiction of this Court because, as further alleged herein, the actions alleged herein arose out of actions and contacts by Defendants in this state, and the asserted claim relates to Defendants' contacts in this state.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in this District, and the Defendants are not residents of the United States. Venue is also proper in this District over Rieder because an agreement that gives rise to claims of this Complaint includes a provision specifying that venue is proper this District.

## PARTIES

5. Plaintiff is a limited liability company, organized and existing under the laws of the State of California.

6. Plaintiff is informed and believes, and upon such information and belief alleges, that Rieder is an individual residing in the United Kingdom. Rieder travels regularly to the United States and may be located within the United States for extended periods.

7. Plaintiff is informed and believes, and upon such information and belief alleges, that DC is an entity owned or controlled by Rieder of unknown corporate organization residing in the United Kingdom.

**FACTUAL ALLEGATIONS**

8. Plaintiff was founded by Dr. Bradley Glowaki. Dr. Glowaki is a renowned chiropractor. His patients include Stanley Cup winning hockey players, Olympic gold medalists, members of the Rock & Roll Hall of Fame, and Super Bowl champions. Of 10,000 chiropractors practicing in California, Dr. Glowaki has been named "Chiropractor of the Year." He has also been named "CLA International Ambassador" and "International Chiropractor of the Year."

9. Dr. Glowaki has not only been known and admired for providing the highest quality clinical care to his patients; he also came to be known for his extraordinary management of his practice. As his reputation grew, demand grew for Dr. Glowaki to teach his practice management experience, systems, and advice. For this reason, Dr. Glowaki formed Level Up and wrote a widely praised book, "Elements of Closing." He also developed in-person workshops, including the "Elements Workshop" and "Speak 2 Attract Believers." He also conducts online training programs, including "Speak 2 Attract Believers," "Virtual Concussion Roulette," "Virtual P.I. Beast Camp," and "Best Week Ever." The copyright to "Elements of Closing" is owned by Level Up, and it is registered with the U.S. Copyright Office.

10. Level Up's book, in-person workshops, and on-line training programs all focus on a common theme: building a successful chiropractic practice. The primary audience for the book and workshops was, and is, chiropractors looking to improve

and grow their practices. Level Up puts on its workshops in locations in the United States and internationally. For example, in 2024, Level Up will put on live workshops in Dallas, Salt Lake City, Australia, England, and New Zealand.

11. The information provided in the book, workshops, and training programs is highly valuable to the chiropractors who receive it. The methods disclosed allow them to build their own thriving practices. Thus, chiropractors are willing to pay to travel to participate in the programs, and they are willing to pay Level Up significant amounts of money for the training.

12. The materials and information that Level Up provides are proprietary and confidential. As alleged above, the "Elements of Closing" book is protected by copyright. In addition, the programs and training sessions are all protected by explicit contractual terms. Level Up requires all attendees to sign a straightforward agreement that provides in pertinent part:

> "By signing and participating in this training, you agree to the
> following: …Your right and license to use the information and
> materials provided to you by us is an exclusive, non-transferrable
> and non-assignable right, whether as to part or all of the information
> and materials that you receive and you expressly agree not to copy,
> distribute, teach or sell the information or materials provided to you
> in this training. Specifically, you understand that video and audio
> recording of this training is NOT PERMITTED without the express,
> advance written permission of Level UP, LLC."

13. Rieder is also a chiropractor. He had some experience as a practitioner, but unlike Dr. Glowaki, Rieder had no experience training and motivating chiropractors. In 2017, Rieder contacted Level Up. He asked Level Up to fly Dr. Glowaki to England to put on an "Elements of Closing" workshop for Rieder and 30 of the 35 or so chiropractors who worked in Rieder's practice.

14. In 2018, Level Up put on the workshop for Rieder. Consistent with its regular practice, Level Up required the attendees at the workshop to agree that they would only use Level Up's proprietary methods in their own practices, and that they would not copy, distribute, teach or sell those methods. By agreement signed on October 2, 2018, Rieder specifically agreed as follows:

> "By signing and participating in this training, you agree to the following: …Your right and license to use the information and materials provided to you by us is an exclusive, non-transferrable and non-assignable right, whether as to part or all of the information and materials that you receive and you expressly agree not to copy, distribute, teach or sell the information or materials provided to you in this training. Specifically, you understand that video and audio recording of this training is NOT PERMITTED without the express, advance written permission of Level UP, LLC. Any breach of this agreement shall be enforced in the state or federal courts located in Orange County, California or by binding arbitration in Orange County, California pursuant to the American Arbitration Association's arbitration rules, at Level Up, LLC.'s sole election. By signing this agreement, you agree to arbitration of any such claims, should Level UP, LLC. elect such a proceeding."

15. Rieder was an extremely enthusiastic attendee of the workshop. After attending, Rieder repeatedly asked Dr. Glowaki if he could serve as a co-presenter with Dr. Glowaki at future workshops.

16. Despite the provisions of the agreement, Rieder copied and taught Level Up's business, concepts, and copyrighted material. He created a book that copied portions of Level Up's copyrighted book, and he created and gave presentations that mimicked Level Up's presentations and included materials from Level Up's

presentations. In one video, Rieder was unapologetic in describing his copying. He stated, "[i]n business, it's irresponsible not to copy." In another, Rieder candidly admitted, in describing the methods he was teaching, "[n]one of it is mine."

17. Indeed, when Rieder titled his book, he chose a name that copied Level Up's theme. The logo for Level Up's Elements of Closing puts the letters of the word "closing" in boxes so that they resemble the elements on the periodic table, suggesting chemical elements. Rieder chose the name "The Conversion Alchemy System" for his book—thus, also, mimicking Level Up's theme of chemistry.

18. In Rieder's book, which he sells on Amazon, he included passages copied from the Level Up's books, as shown in the following examples (colored highlighting added for ease of review):

| Level Up | Defendants |
|---|---|
| Doctor: So what brings you in today?<br>Patient: Carpal tunnel syndrome.<br>Doctor: Besides carpal tunnel syndrome, any other spine-related issues you are aware of?<br>Patient: Low back pain from time to time, sciatica a few times a year, and neck pain.<br>Doctor: And what about anything unrelated to the spine? | Dr.: So what brings you here today?<br>Client: My headaches.<br>Dr.: Besides your headaches, do have any other health problems, whether or not you think it's related to your spine? |
| As I mentioned yesterday, everybody heals differently. The little old lady from Pasadena heals the slowest & if you were a professional athlete this | One of the most important things I want people to understand before they start care is that everybody heals at different rates. We're lucky we have a big range |

| | |
|---|---|
| problem would take 8-10 weeks to heal. The Truth is that you will be somewhere in the middle—if I made YOU GUESS how long this will take you, knowing that it started 11 years ago, how long would you think? | of people that come into the office, from professional athletes to 89-year-olds that come in regularly to get adjusted. Professional athletes are naturally some of the fastest healers that we see here. On the other end of the scale, the oldest patient that we have in the office is 89 years old. Naturally, they take quite a bit longer. . . . So, when it comes to YOUR healing time . . . what would be your best guess for how long it may take to get you 'sorted.' |
| **TRIANGULATED PASS-OFF:** Doctor: (Walk to Front Desk CA) <u>FD CA [chiropractic assistant] Name, Patient Name</u> is a PRIORITY PATIENT. We're going to get her in sometime tomorrow—can you make that happen for me? | Then you finish off with the 'triangle' at the front desk…. 'Mary, this Mrs. Smith. We just had a thorough examination and, based on what I saw today, I want to try to get her in as soon as possible for a report of findings. If we can get it booked for tomorrow, that would be great. That's a triangle. Very, very important. |
| Okay, so if you woke up tomorrow and you didn't have even a hint of migraines…what could you do EVEN BETTER? | OK, imagine tomorrow you woke up without a trace of a headache. What are some things in your life you would be able to do BETTER? |

19. Defendants' actions exceeded merely copying Level Up's book. In addition, Defendants extensively copied and taught Level Up's training. Indeed, Defendants' training mirrored Level Up's training, copying the overall organization and agenda for a two-day training, the specific concepts taught, the examples given, and even the specific words given to convey key concepts. In one example, Rieder copied Level Up's reference to a "magic wand."

| **Level Up Presentation** | **Defendants' Presentation** |
| --- | --- |
| In a genie in a bottle type of way, you can use like a magic wand, you can say something to the effect of 'If you had to choose which one would want to get rid of the most,' so you are asking the same question in a little different way. | If I could just now wave a magic wand, click my fingers and make it disappear magically, heal one of them, just magically. . . which is the thing that you most want to get rid of? |

20. In another example, Defendants copied a diagram used by Level Up in its instruction. In the example below, Level Up used a sample diagram to show a patient the current state of her injured muscle (represented by a circle with wavy lines), the anticipated state of her muscle once it had been successfully treated (represented by a circle with intersecting perpendicular lines), an arrow from one circle to the other indicating the 12-18 month period of treatment, and segments on the arrow indicating the three phases of treatment. The Level Up diagram is shown directly below.



21. Defendants copied the diagram. Defendants' copy includes the same circles, the same wavy lines, the same intersecting perpendicular lines, the same arrow, the same 12-18 month period, and the same segments indicating three phases of treatment. Defendants' copy is shown directly below.



# FIRST CAUSE OF ACTION

## (Copyright Infringement)

## [17 U.S.C. Sections 101, et seq.]

## (Against All Defendants)

22. Plaintiff re-alleges Paragraphs 1-21 herein as though set forth in full.

23. The Elements of Closing is an original work of authorship fixed in a tangible medium of expression that constitutes a work of literary expression pursuant to 17 U.S.C. § 102(a) and that is subject to copyright protection under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

24. Defendants had access to Plaintiff's work as described herein. By producing and distributing works containing protected material from Plaintiff's The Elements of Closing in Defendants' The Conversion Alchemy System, Defendants have unlawfully copied The Elements of Closing and its protectable elements without Plaintiff's authorization or consent.

251. Defendants' conduct constituted, and continues to constitute, infringement upon Plaintiff's exclusive rights to reproduce, copy, and create derivative works based upon, and distribute, The Elements of Closing, all in violation of 17 U.S.C. §§ 106 and 501.

26. Defendants' infringement was, and continues to be, willful and in blatant disregard of Plaintiff's rights.

27. Defendants' infringing conduct has caused Plaintiff to suffer damages and harm, including but not limited to lost derivative market exploitation opportunity, lost revenues and profits, and other damages, including attorneys' fees, in the amount according to proof at trial.

28. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to its actual damages and any additional profits of Defendants or statutory damages.

29. As a result of Defendants' actions constituting copyright infringement, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

30. Defendants will continue to infringe Plaintiff's copyright rights to the great and irreparable injury of Plaintiff, unless and until Defendants are enjoined by this Court.

## SECOND CAUSE OF ACTION
### (Breach of Contract)
### (Against Rieder)

31. Plaintiff re-alleges Paragraphs 1-30 herein as though set forth in full.

322. Plaintiff and Rieder entered into a valid contract as set forth above.

33. Among other things, in signing the contract, Rieder agreed as follows: "Your right and license to use the information and materials provided to you by us is an exclusive, non-transferrable and non-assignable right, whether as to part or all of the information and materials that you receive and you expressly agree not to copy, distribute, teach or sell the information or materials provided to you in this training. Specifically, you understand that video and audio recording of this training is NOT PERMITTED without the express, advance written permission of Level UP, LLC."

34. Plaintiff performed all obligations to Rieder under the contract.

35. Rieder breached the contract by copying, distributing, teaching, and selling the course and its materials, as alleged herein.

36. As a result of Rieder's breach, Plaintiff was damaged in an amount in excess of the jurisdictional minimum of this Court to be determined at trial.

37. As a result of Rieder's breach, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

38. Rieder will continue to breach the contract to the great and irreparable injury of Plaintiff, unless and until Rieder is enjoined by this Court.

### THIRD CAUSE OF ACTION

**(Unfair Competition)**

**(Against All Defendants)**

39. Plaintiff re-alleges Paragraphs 1-38 herein as though set forth in full.

40. This is a claim for unfair competition under Cal. Bus. & Prof. Code § 17200, et seq.

41. By virtue of the acts complained of herein, Defendants have unfairly competed in violation of Cal. Bus. & Prof. Code § 17200, et seq.

42. Defendants' acts complained of herein constitute unlawful, unfair, malicious, or fraudulent business practices, which have injured and damaged Plaintiff.

43. As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold ill-gotten gains resulting from their unfair business practices, which properly belong to Plaintiff. Plaintiff, accordingly, seek restitution of all such gains.

44. As a further direct and proximate result of Defendants' acts complained of herein, Plaintiff has and will continue to suffer great harm and damage. Plaintiff will continue to be irreparably damaged unless Defendants are enjoined from further committing unfair and lawful business practices against Plaintiff.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Level Up, LLC, prays for judgment against Defendants as follows:

1. That the Court render a final judgment in favor of Plaintiff and against Defendants on all claims for relief alleged herein;

2. That the Court render a final judgment declaring that Defendants have willfully infringed Plaintiff's copyright rights;

3. That the Court render a final judgment declaring that Rieder breached his agreement with Plaintiff;

4. That the Court render a final judgment declaring that Defendants have unfairly competed with Plaintiff;

5. That Defendants, their officers, principals, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    a. Copying Plaintiff's The Elements of Closing or any portion thereof;

    b. Copying, teaching, distributing, or selling the information and methods disclosed by Plaintiff to Defendants pursuant to the agreement between them; and

    c. Unfairly competing with Plaintiff in any manner;

6. That the Court enter judgment requiring each Defendant to account for all infringing acts and to pay Plaintiff all damages sustained by it due to Defendants' acts of infringement and/or statutory damages for such infringing acts;

7. That the Court enter judgment requiring Rieder to pay Plaintiff all damages sustained by it due to Rieder's breaches of contract;

8. That the Court enter judgment awarding all of Defendants' profits traceable to Defendants' conduct.

9. That the Court enter judgment awarding Plaintiff restitution of all amounts obtained by Defendants by means of their wrongful acts described herein.

10. That the Court award Plaintiff all costs and prejudgment interest on all damages;

11. That the Court award Plaintiff its reasonable attorneys' fees;

12. That the Court order each Defendant to file with the Court within 30 days after entry of final judgment a written statement under oath setting forth in detail the manner in which it has complied with the judgment; and

13. That the Court award Plaintiff such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 3, 2024          FRIEDLAND CIANFRANI LLP

By:   */s/ Michael K. Friedland*
Michael K. Friedland
Joseph S. Cianfrani
David G. Kim
Attorneys for Plaintiff Level Up, LLC

**DEMAND FOR JURY TRIAL**

TO DEFENDANTS RYAN REIDER and DC PRACTICE GROWTH:

PLEASE TAKE NOTICE that Plaintiff Level Up, LLC hereby demands trial by jury in this action.

Dated: June 3, 2024                FRIEDLAND CIANFRANI LLP

By: ___*/s/ Michael K. Friedland*____
Michael K. Friedland
Joseph S. Cianfrani
David G. Kim
Attorneys for Plaintiff Level Up, LLC